**FORM 1.997.**     **CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.  **CASE STYLE**

IN THE _County_ COURT OF THE 8th JUDICIAL CIRCUIT IN AND FOR LEVY COUNTY, FLORIDA

Plaintiff _Adam P. McNiece_

Case #: _____
Judge _____

vs.

Defendant _Town of Yankeetown - official Capacity - Appointed Mayor Schofield_
_Levy County_   _Special Master, Dan Oates_
_State of Florida_   _Clerk for Special Master_
_Sherri MacDonald_

II. **AMOUNT OF CLAIM** Please indicate the estimated amount of the claim, rounded to the nearest dollar. $ _715,000 injunctive Relief, declarative Relief and other remedies allowed by Law._

III. **TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence—other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability—commercial
  - Premises liability—residential

①

☐ Products liability

☐ ☐ Real property/Mortgage foreclosure Commercial foreclosure

☐ Homestead residential foreclosure

☐ Non-homestead residential foreclosure

☐ Other real property actions

☐

☐ Professional malpractice
☐ Malpractice—business
☐ Malpractice—medical
☐ Malpractice—other professional

☐ Other
☐ Antitrust/Trade regulation
☐ Business transactions
☒ Constitutional challenge—statute or ordinance
☐ Constitutional challenge—proposed amendment
☐ Corporate trusts
☐ Discrimination—employment or other
☐ Insurance claims
☐ Intellectual property
☐ Libel/Slander
☐ Shareholder derivative action
☐ Securities litigation
☐ Trade secrets
☐ Trust litigation

## COUNTY CIVIL

☒ Civil
☐ Replevins
☐ Evictions
☐ Other civil (non-monetary)

IV. **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

V. **NUMBER OF CAUSES OF ACTION:** [ ]
(Specify) _Five Counts_

VI. **IS THIS CASE A CLASS ACTION LAWSUIT?**

    ◯ yes
    ⊗ no

VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
    ◯ no
    ⊗ yes  If "yes," list all related cases by name, case number, and court.

① Town of Yankeetown vs McNiece CL-5900 - Town Hall Court
② McNiece v. Yankeetown 38-2019 CA-000211 - Levy County Court
③ McNiece v. Yankeetown 1st District Court of Appeal 1D19-3115
④ McNiece v. Yankeetown Northern District FL 1:19-CV-323-AW-GRJ
⑤ McNiece v. State of FL 11 Circuit Court - Atlanta 20-10716

VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?
    ⊗ yes
    ◯ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature X _____ Fla. Bar # N/A

Adam P McNiece
    Attorney or party        (Bar # if attorney)

_____
(type or print name)    Date

## FORM 1.997. INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET

Plaintiff must file this cover sheet with the first document filed in the action or proceeding (except small claims cases, probate, or family cases). Domestic and juvenile cases should be accompanied by a completed Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases. Failure to file a civil cover sheet in any civil case other than those excepted above may result in sanctions.

I.    **Case Style.** Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of plaintiff(s) and defendant(s).

II.    **Amount of Claim.** Enter the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes and is not considered dispositive of the claim.

III.    **Type of Case.** Place an "X" on the appropriate line. If the cause fits more than one type of case, select the most definitive. If the most definitive label is a subcategory (indented under a broader category label), place an "X" on the category and subcategory lines. Definitions of the cases are provided below in the order they appear on the form.

**Circuit Civil**

IN THE CIRCUIT COURT OF THE EIGHT JUDICIAL CIRCUIT
IN AND FOR LEVY COUNTY, FLORIDA



Adam P. McNiece,
Plaintiff

Case No.: 38-2021-CA-0000004

Division: Civil

-vs-

Town of Yankeetown, et al
Defendant

**SUMMONS**

I CERTIFY THIS TO BE
A TRUE COPY OF THE ORIGINAL
SERVED ON 2-17-21 9:35AM DATE/TIME
BY SGT D.T.___ ID 122
DEPUTY SHERIFF, LEVY COUNTY SHERIFF'S OFFICE
Robert B. McCallum, Sheriff
D.T. DAXIAN TURNER

**THE STATE OF FLORIDA**
**To each Sheriff of the State:**
YOU ARE COMMANDED to serve this summons and a copy of the complaint in this action on defendant.

Town of Yankeetown, 6241 Harmony Lane, Yankeetown FL 34498
Levy County, Florida, County Commissioners, 310 School Street, Bronson FL 32621
State of Florida, Atty. Gen. Ashley Moody, PL-01 The Capitol, Tallahassee, FL 32399-1050

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney whose name and and address is
Adam P. McNiece, pro se
5 Palm Drive
Yankeetown, Florida, 34498
adam.mcniece@gmail.com

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defense with the clerk of this court before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on February 16, 2021.

Danny J. Shipp,
Clerk of Circuit Court

By ___Watson___, Deputy Clerk

Civil Division, Levy County Courthouse
355 South Court Street
Bronson, Florida 32621    352-486-5266

STATE OF FLORIDA

LEVY COUNTY

| | | |
|---|---|---|
| ADAM P. MCNIECE | : | CIRCUIT COURT |
| | : | AT BRONSON |
| *Plaintiff* | : | |
| | : | CASE#: |
| v. | : | |
| | : | |
| TOWN OF YANKEETOWN, ET EL | : | |
| | : | |
| *Defendants* | : | DATE: January 25, 2021 |

## COMPLAINT

## PETITION FOR REDRESS

## DEMAND FOR JURY TRIAL

COUNT I:

Yankeetown Attorney, Ralf Brookes and Levy County Circuit Court, Judge Susan Miller-Jones abridged my First Amendment Right to petition the government for a redress of grievances in McNiece v. Town of Yankeetown, et al (38-2019CA-000211).

In claiming and ordering that I was only entitled to a Writ of Certiorari my original petition was voided without any statutory reference. This now precedent law cannot stand against this constitutional challenge to support and defend my and our 5th fundamental freedom contained in the First Amendment of our Bill of Rights.

1

The issue is the peoples' right to hold government to constitutional restraint if they cannot hold it to account for such violations, then either the constitution is not the supreme law, or the supreme law does not bind government. The law of the land must be as binding on government when government doesn't like it, as it is on citizens, whether they like it or not.

If either people or government do not like certain constitutional clauses the remedy is to amend the constitution, not interpret it contrary to its express and contextual meanings. The constitution contains its own terms for amendment, and judicial fiat is not among them.

The result of this unconstitutional decision was issue preclusion of grievances regarding the public health and safety of our towns contaminated municipal water supply and ineffective processes of tax appeal.

Since these were never adjudicated I hereby reclaim these unjustly precluded issues, as well as the Right to Petition. I insist on due process through a trial de nova and hearings before a jury.

**COUNT II:**

**The Florida Court of Appeals for the First District was negligent in not writing an opinion and thereby denied me due process through the Right of Appeal (case no. 1D19-3115) to the Florida Supreme Court and standing in the Federal Court system.**

The precedent for proper American juris prudence was set long ago by Chief Justice John Marshall, who stated in Marbury vs. Madison, "it is a general and indisputable rule, that where there is a legal right, there is also a legal remedy by suit or action at law, whenever that right is invaded, and that *"it is emphatically the province and the duty of the Judicial Department to say what the law is. Those who apply the rule to particular cases, must of necessity expound and interpret that rule. If two laws conflict with each other, the court must decide on the operation of each"*. This court has that province and duty.

The Florida Court of Appeal was negligent in this duty and by Florida law precluded me from the Florida Supreme Court. This is a systemic defect needing correction identified by a lowly pro-se; an emperors new clothes conundrum. In America no court should decide who is eligible for appeal of its own decision. It must always be up to the parties to decide if an appeal is necessary. I hold this truth to be self evident.

3

I paid filing and service fees for my previous petition and was never allowed a hearing, hardly the process which was due. I claim a violation of the 14th Amendment in trying to secure a fundamental freedom of the First Amendment; even the Pledge of Allegiance promises liberty and justice for all; that has not happened here in this case.

COUNT III:

I claim the Town of Yankeetown via the Special Masters Clerk, Sherry McDonald altered public records by typing and enlarging Special Master exhibit 5, which when submitted at trial, was a pencil drawn post-it-note, which was never attached to the notice of hearing. This was confirmed in testimony at the hearing by Special Master Dan Oates and the Yankeetown Building Official. This alteration of the record was done at the direction of appointed Mayor Jack Schofield and Special Master Dan Oates before submission to the court.

COUNT IV:

I claim the Town of Yankeetown acts unlawful because Yankeetown Ordinance YT 2-65c, Order Imposing Fine or Lien. 'a certified copy of an order imposing fine (OIF) shall be recorded in the public records of the county, and thereafter, shall constitute a lien against the real property on which the violation exists and upon any other real or personal property owned by the violator',

is unconstitutional under the 8th Amendment which states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

It is unfair because it exacts a different punishment from the same violation, dependent upon holdings.

My violation was never referenced by code and chapter which is required by Florida Building Code, FLORIDA GENERAL STATUTE, CHAPTER 553 BUILDING CONSTRUCTION STANDARDS, SECTION 553.79,PERMITS; APPLICATIONS; ISSUANCE; INSPECTIONS.

SECTION 553.79 states, 'Whenever a permit required under this section is denied or revoked because the plan, or the construction, erection, alteration, modification, repair, or demolition of a building, is found by the local enforcing agency to be not in compliance with the Florida Building Code, the local enforcing agency shall identify the **specific plan or project features** that do not comply with the applicable codes, **identify the specific code chapters and sections** upon which the finding is based, and provide this information to the permit applicant. A plans reviewer or building code administrator who is responsible for issuing a denial, revocation, or modification request but **fails to provide to the permit applicant a reason** for denying, revoking, or requesting a modification, based on **compliance** with the Florida Building Code or local ordinance, is

5

subject to disciplinary action against his or her license pursuant to s. 468.621(1)(i) Disciplinary proceedings.
My request to appeal was ignored also contrary to FLORIDA GENERAL STATUTE CHAPTER 553, SECTION 553.775 (1) INTERPRETATIONS which states, 'the intent of the legislature is to protect public safety at the most reasonable cost to the consumer, while providing processes for resolving disputes which are just and expeditious'. So, a violation based solely on speculation could cost the homeowner all real and personal property with out a right of appeal as has happened in this case.
This town ordinance YT-2-65c, serves to punish the innocent, as co-owners on un-adjudicated property, all suffer from this blanket unrecorded lien.
Since this ordinance seeks to disinherit all real and personal property even on un-adjudicated property, it constitutes a Bill of Attainder for owners and co-owners specifically prohibited by by Article I, Section 9, Clause 3 of the Constitution because it deprives the person or persons singled out for punishment of the safeguards of a trial by jury.
This petition / complaint is a constitutional challenge for liberties specified in the 8th and 14th Amendments.  Had I been allowed a proper hearing the fact would prevail I had a permit to repair the structure, and eyesore at the entrance to town.

6

When I was told to stop, I did, for this shed sized house remains unfinished. After the fact permits are prohibited as ex post facto law, article 1, section 9.

I was brought to a Yankeetown Special Masters trial (Yankeetown vs. McNiece CL-5900), under the auspices of an building code appeal hearing, where the Special Master states on lines 6-16 of the hearing transcripts, "Firstly, I think it is fundamentally unfair to Mr. McNiece to impose any fines against him for any code violations whether they be the City Ordinances or the Building Codes when he didn't have notice of any of these specific violations. And notice requires that the city give him a citation of a specific ordinance, code sections, building code section, or whatever so he can address it. And that's not been done in this matter. And it bothers me and it has bothered me since the beginning". The Special Master also admits in paragraph 9 of his CONCLUSIONS in his Final Administrative Order, "At no time including the Notice of Hearing did the Town notify the Respondent of the code sections violated or give Respondent a reasonable opportunity to correct these violations. Consequently no determination can be made as to whether or not such violations now exist". Only to have the Town Council along with Mayor Jack Schofield, vote to impose a daily fine of

$100.00/day, thereby denying me the due process right of an impartial referee.

My hopes of due process at the County and State level were also dashed by the court with an obvious pro se bias whom negated a fundamental freedom petition without even an offering an opinion or hearing.

Yet, I put my faith in the U.S. Constitution which I swore an oath to protect, even though I have placed all real and personal property in jeopardy. I believe that truth and justice will prevail and my only hinderance is the courts refusal to allow a citizen to represent himself.

German Philosopher, Arthur Schopenhauer wrote; "All truth passes through three stages. First, it is ridiculed. Second, it is violently opposed. Third, it is accepted as being Self evident.

COUNT V:

Acting Mayor Jack Schofield has assumed a secret identity or alias of William Dillow; a convicted child rapist from Flagler Beach, that was killed in the Tallahassee prison. Acting Mayor Schofield trolled the internet on Facebook as William Dillow in an attempt to foment discontent amongst the citizens of Yankeetown to turn them against the reopening of the General Store. When his true identify was revealed on October 16, 2020

he immediately <u>deleted</u> the account. In doing so he destroyed the public record and violated existing sunshine laws.

The Town Attorney Ralf Brooks has condoned this behavior, even though the law specifically states: Florida Statute 119.011(12) Public access records law. All documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material regardless of physical form, characteristics, or means of transmission made or received pursuant to law or ordinance or in connection with the transaction of official business by any city.

### ADVISORY LEGAL OPINION - FLORIDA AGO 2009-19

Section 257.36(6), Florida Statutes, provides that a "public record may be destroyed or otherwise disposed of only in accordance with retention schedules established by the division. "This office in Attorney General Opinion 96-34, recognizing that the definition of "public records" is comprehensive and encompasses all such material regardless of its physical form or characteristics, stated that electronic public records such as e-mail messages are subject to the statutory limitations on destruction of public records. <u>More recently, this office stated in Attorney General 08-07 that the public records on a website maintained by a city council member that related to the</u>

9

**transaction of city business would appear to be subject to the city's policies and retention schedule regarding city records.** While the Sunshine Law generally applies to meetings of "two or more" members of the same board or commission,[16] the Florida Supreme Court has stated that the Sunshine Law is to be construed "so as to frustrate all evasive devices."[17] Thus, the courts and this office have found that there are instances where the physical presence of two or more members is not necessary in order to find the Sunshine Law applicable As stated therein: **"While there is no statutory prohibition against a city council member posting comments on a privately maintained electronic bulletin board or blog (Mayor Schofields a.k.a William Dillow's Facebook account) , . . . members of the board or commission 'MUST NOT ENGAGE' in an exchange or discussion of matters that foreseeably will come before the board or commission for official action**. The use of such an electronic means of posting one's comments and the inherent availability of other participants or contributors to act as liaisons would create an environment that could easily become a forum for members of a board or commission to discuss official issues which should most appropriately be conducted at a public meeting in compliance with the Government in the Sunshine Law. It would be incumbent upon the commission members to avoid any

action that could be construed as an attempt to evade the requirements of the law."

The Florida Constitution Art 1, section 24(a), every person has the right to inspect or copy and public record made or received in connection with official business of any public body, officer, or employee of the state or persons acting in their behalf. This section specifically includes counties, municipalities, and districts. To be inspected they must be retained regardless of the form they are in, whatever the platform, if the post/tweet or image or other material otherwise meets the standards for a public record. As a public record, it must be retained and be producible for inspection or copying if requested.

Meetings under Florida Sunshine Law are defined as 2 or more individuals discussion of a matter on which potential action by the board is foreseeable and the venue does not affect the right to attend, e.g. a conversation via Facebook is a meeting.

The consequences of violating Florida Sunshine Laws include a void on specific actions of the board, fines and penalties, including Attorneys fees and criminal sanctions. The courts frown upon any communication activities between board members that appears to be an attempt to evade the laws requirements

whether or not two board members exchange comments intentionally or inadvertently.

Each of these claims are a true and just cause of action. It is a fundamental 1st Amendment right to petition the government to redress grievances as defined herein. Due process and remedy cannot be confined to a Writ of Certiorari. Proper notification is a cornerstone of due process. A trial de nova is warranted to allow for decision by jury which is a 6th amendment right and punishment by daily fines and blanket leans are excessive especially when the issuing authority and punishing authority are one-in the same.

**PRAYER FOR RELIEF: The Plaintiff seeks monetary damages in the amount >$15,000, injunctive and declarative relief, a release of liens placed on all properties owned by the Plaintiff in Levy County, punitive damages, and all other remedies allowed by law.**

PLAINTIFF,

Adam P. McNiece,

By: /s/Adam P. McNiece