IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ADAM P McNIECE,

    Plaintiff,
v.                                          CASE NO. 1:21-cv-35-MW-GRJ

TOWN OF YANKEETOWN;
*et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se,* initiated this case by filing a Complaint in the Circuit Court in and for Levy County. ECF No. 1-2. Defendant Town of Yankeetown removed the case to this Court under 28 U.S.C. §§ 1441 and 1446. ECF No. 1. This case is now before the Court on ECF Nos. 4 and 5, motions to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) filed by the Town of Yankeetown and the State of Florida. Plaintiff has filed responses in opposition, ECF Nos. 6, 7, and 8, and therefore the motions are ripe for determination. For the following reasons, it is respectfully recommended that the motions to dismiss be granted and the Complaint dismissed with prejudice because it is barred by *res judicata*.

### I. Background

Plaintiff's allegations may be summarized as follows. The Complaint

stems from Plaintiff's ownership and renovation of real property located in Yankeetown, Levy County, and fines that were assessed against him for building permit violations. The named Defendants are the Town of Yankeetown, Levy County, and the State of Florida. ECF No. 1-2 at 1 (civil cover sheet), 4 (summons).[1]

In Count I, Plaintiff alleges that the City of Yankeetown attorney, Ralf Brookes, and Levy County Circuit Court Judge Susan Miller-Jones (neither of whom are named as defendants) "abridged [his] First Amendment Right to petition the government for a redress of grievances" because an appeal from a Final Administrative Order by a Special Master for the Town of Yankeetown was construed by the state court as a petition for a writ of certiorari and denied. In Count II, Plaintiff alleges that the First District Court of Appeals, which affirmed the denial *per curiam* without a written opinion, "was negligent in not writing an opinion and thereby denied me due process through the Right of Appeal . . . to the Florida Supreme

---

[1] The state court civil cover sheet also identifies Yankeetown Mayor Schofield, Special Master Dan Oates, and the Special Master's Clerk, Sherri MacDonald, but it is unclear whether Plaintiff intended to name them as individual defendants. The civil cover sheet reflects that Plaintiff identifies these individuals in their "official capacity" with the Town of Yankeetown, so to the extent that they are named as defendants his Complaint operates as a suit against the Town of Yankeetown itself. *Kentucky v. Graham,* 473 U.S. 159, 165–166, 167 n.14 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.... It is *not* a suit against the official personally, for the real party in interest is the entity."). The state court apparently construed the Complaint as naming only three defendants; summonses were issued only to the Town, to Levy County, and to the State of Florida. *See* ECF No. 1-2 at 1, 4.

Court". In Count III, Plaintiff alleges that the Town of Yankeetown, via the Special Master's clerk, "altered public records by typing and enlarging" a post-it note offered as an exhibit at the hearing. Plaintiff states that the "alteration" was directed by the Mayor of Yankeetown and the Special Master. In Count IV, Plaintiff alleges that a Town of Yankeetown ordinance providing that an order imposing a fine shall be recorded as a lien against any property owned by the violator is unconstitutional because it violates the Eighth Amendment's proscription against excessive fines, and the Town never advised him of the specific code chapter that he violated. In Count V, Plaintiff alleges that Acting Mayor Jack Schofield "assumed a secret identity or alias" of a convicted criminal and "trolled the internet on Facebook" to "foment discontent" in the town. Plaintiff alleges that the Mayor deleted the account, thereby destroying a public record and violating "sunshine laws". Plaintiff seeks compensatory and punitive damages as well as declaratory and injunctive relief. ECF No. 1-2.

This is Plaintiff's second case in this Court based on the same underlying facts. *See McNiece v. Town of Yankeetown et al.,* Case No. 1:19-cv-323-AW-GRJ.[2] In the first case, Plaintiff sued the Town of

---

[2] A court may take judicial notice of its own court dockets and opinions therein. *See* Fed. R. Evid. 201(b); *McDowell Bey v. Vega*, 588 F. App'x 923, 926–27 (11th Cir. 2014); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006); *United States v. Mercado*, 412 F.3d 243, 247–48 (1st Cir. 2005).

Yankeetown, Levy County, Yankeetown Attorney Ralf Brookes, the State of Florida, and the "U.S. Federal Government/U.S. Attorney". *Id.* ECF No. 7. The undersigned recommended that Plaintiff's Second Amended Complaint be dismissed *sua sponte* for lack of subject matter jurisdiction because Plaintiff failed to assert a cognizable federal claim. *Id.* ECF No. 8 (Report and Recommendation). The Court dismissed the case for lack of subject matter jurisdiction. *Id.* at 13. Plaintiff appealed, and the Eleventh Circuit vacated the dismissal and remanded the case with instructions for this Court to dismiss it for failure to state a claim rather than for lack of subject matter jurisdiction. *Id.* ECF No. 22. On remand, the case was dismissed for failure to state a claim. *Id.* at ECF No. 25.

As discussed in the prior Report and Recommendation, the allegations of Plaintiff's previous complaint in this Court are nearly identical in substance to the instant Complaint and plainly arise from the same facts and circumstances:

> According to the allegations of the Complaint, Plaintiff owns property in Yankeetown that was subject to fines for code violations. Plaintiff alleges that Yankeetown brought him to trial without notifying Plaintiff of "any charges or violations that [he] may have committed," and that Plaintiff is now paying fines of $100 per day for "unknown and unspecified code violations." Plaintiff alleges that Yankeetown has placed a lien on all of his property in Levy County. ECF No. 7 at 5.

>    Plaintiff asserts that he sought relief in Levy County court by way of a "petition for a redress of grievances," but the court recharacterized his case as a "writ of certiorari" and dismissed it without a hearing, in violation of Plaintiff's right to due process. Plaintiff alleges that the Special Master for his case "acted as both Prosecutor and Judge," and engaged in *ex parte* communications with the local government, denying Plaintiff an impartial referee. Plaintiff alleges that Yankeetown "provides its citizens with expensive poisonous water," and that the State of Florida and Governor DeSantis have not adequately addressed the contaminated water issue. *Id.* at 6.
>
>    Plaintiff contends that attorney Ralf Brookes, who represents the Town of Yankeetown, claimed in county court that Plaintiff was only entitled to a writ of certiorari instead of a petition for redress, and the court agreed with Brookes' argument. *Id.* He asserts that Levy County "ignored a County Commissioner appeal, and a Land Classification appeal that [he] requested." Yankeetown "ignored" Plaintiff's appeals, and "instead took [him] directly to trial." *Id.* Plaintiff claims that he has lost revenue due to losing sales contracts on his properties because of the Yankeetown liens. He also claims that Yankeetown has denied him electric service to his property. *Id.*
>
>    Plaintiff claims that the foregoing facts establish violations of his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. Plaintiff seeks injunctive and monetary relief. *Id.* at 7-9.

*McNiece,* Case No. 1:19-cv-323-AW-GRJ, ECF No. 8.

On appeal, the Eleventh Circuit noted that this Court had afforded Plaintiff multiple opportunities to amend his claims[3], and concluded:

---

[3] The Eleventh Circuit explained: "[t]he magistrate judge notified McNiece of deficiencies in his original complaint and, after he filed an amended complaint containing more errors, gave him a third opportunity to amend before recommending that the district court dismiss the action." ECF No. 22 at 10. In the instant case, Plaintiff contends that a local rule limiting his Complaint to "two pages" abridges his First Amendment rights. ECF No. 6. Plaintiff misstates the local rule, which limits *pro se* complaints to *25* pages, unless otherwise authorized by the Court. *See* N.D. Fla. Loc. R. 5.7(B).

> McNiece's second amended complaint failed to state a plausible claim. To state a claim under section 1983, a plaintiff must allege that a person, acting under color of state law, deprived him of a federal civil right. *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1378 (11th Cir. 2019). McNiece alleged that Levy County and Yankeetown tried him for "unknown and unspecified code violations," but he failed to allege that the alleged denial of due process was caused by a municipal policy or custom. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1280 (11th Cir. 2016) ("The 'touchstone of [a] § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of civil rights protected by the Constitution.'"). And McNiece's allegations that Brookes succeeded in avoiding discovery and in having McNiece's petition treated as a writ of certiorari instead of as "a redress for grievances" alleged no unlawful conduct by the attorney for Yankeetown. *See Club Madonna*, 924 F.3d at 1378. McNiece's complaint also failed to state a claim against the State of Florida, which is not a person under section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). McNiece also failed to allege that a federal official acted unlawfully. *See Bivens*, 403 U.S. at 396–97. And *Bivens* does not apply to a federal officer acting in an official capacity, like the United States Attorney, or to the United States, which is immune from suit. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71–72 (2001).

*McNiece,* Case No. 1:19-cv-323-AW-GRJ, ECF No. 22.

The Town of Yankeetown argues in its motion to dismiss, *inter alia,* that all claims against it are barred by *res judicata* because the prior federal case was litigated to a judgment on the merits and this case satisfies all the elements for *res judicata* to apply.  ECF No. 4.  The State of Florida argues in its motion to dismiss, ECF No. 5, that Plaintiff lacks standing to sue the State because there is no causal connection between Plaintiff's injuries and any actions by the State, that the State is not a proper party because Plaintiff is challenging a local town ordinance, and that the Complaint is an

improper shotgun pleading.  In opposition, Plaintiff argues with respect to *res judicata* that it "does not apply to a court deceived," pointing to asserted procedural defects in the Levy County code enforcement case.  ECF Nos. 6, 8.  Plaintiff also reasserts the merits of his underlying claims and seeks other relief in this Court, including a hearing and change of venue.  ECF No. 7.

## II.  Discussion

*Res judicata* makes an earlier judgment "an absolute bar to [a] subsequent action or suit between the same parties." *In re Atlanta Retail, Inc.*, 456 F.3d 1277, 1285 (11th Cir. 2006) (internal quotation omitted). It not only bars matters actually litigated in the earlier action; when it applies, *res judicata* also bars "every claim which might have been presented" in the earlier action. *Id. Res judicata* applies when four elements are met: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

"The principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir.

1990) (quotation marks omitted). In other words, a court "must look at the factual issues to be resolved in [the second lawsuit], and compare them with the issues explored in" the first lawsuit. *S.E.L. Maduro v. M/V Antonio de Gastaneta*, 833 F.2d 1477, 1482 (11th Cir. 1987). "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action," then the two cases are really the same. *Ragsdale*, 193 F.3d at 1239.

A complaint that is subject to being barred under *res judicata* should be dismissed for failing to state a claim upon which relief may be granted. *Harmon v. Webster*, 263 F. App'x 844, 846 (11th Cir. 2008) (unpublished but recognized for persuasive authority) ; *see also Hawley v. Bd. of Regents of the Univ. Sys. of Ga.*, 203 F. App'x 997, 997 (11th Cir. 2006) (affirming district court's determination that plaintiff's claims were barred by *res judicata* pursuant to 28 U.S.C. § 1915(e) (2)(B)(i) and resulting dismissal); *Gimenez v. Morgan Stanley*, 202 F. App'x 583, 583–84 (3d Cir. 2006); *McWilliams v. State of Col.,* 121 F.3d 573, 574–75 (10th Cir. 1997) (holding repetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915(e) as frivolous or malicious); *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984) (finding that a complaint barred by *res judicata* is legally frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i)).

The instant Complaint satisfies all four requirements for application of *res judicata*: Plaintiff previously filed a § 1983 complaint against the same Defendants (Town of Yankeetown, Levy County, State of Florida) alleging the identical claims about their acts in his Levy County code enforcement case as alleged in the instant Complaint. The Eleventh Circuit concluded that Plaintiff failed to state a plausible claim and directed this Court to dismiss the prior case for failure to state a claim. A court of competent jurisdiction rendered a final judgment on the merits, and the present complaint raises the same claims against the same parties. *See Smith v. Sec. of Veterans Affairs*, 808 Fed. Appx. 852, 854 (11th Cir. 2020) (unpublished), *cert. denied sub nom. Smith v. Wilkie*, 141 S. Ct. 875 (2020), *reh'g denied,* 141 S. Ct. 1287 (2021) (despite the fact that Smith's prior case was dismissed without prejudice, the case constitutes a final judgment on the merits because Smith waived her right to further amend her complaint by seeking to appeal the dismissal, which the Eleventh Circuit summarily affirmed, and because the district court's dismissal was for failure to state a claim); *see also NAACP v. Hunt,* 891 F.2d 1555, 1560 (11th Cir.1990) ("unless the court specifies otherwise, dismissal on the grounds that the facts and law show no right to relief operates as an adjudication on the merits" for *res judicata* purposes); *Hughes v. Lott,* 350

F.3d 1157, 1161–62 (11th Cir. 2003) (§ 1915 dismissals with prejudice have a *res judicata* effect on future in forma pauperis complaints); *Harmon,* 263 Fed.Appx. at 845 (dismissal of prior complaint for failure to state a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii), constitutes a final judgment on the merits for purposes of res *judicata*); *Harris v. Buss,* Case No. 4:11cv146/RH/GRJ, 2011 WL 5184198, at *5 (N.D. Fla. Sept. 15, 2011) (unpublished), *Report and Recommendation adopted by* 2011 WL 5166418 (N.D. Fla. Nov. 1, 2011) (dismissal of prior case with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted, constitutes a final judgment on the merits for purposes of *res judicata*).[4]

### III. Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that the motions to dismiss, ECF Nos. 4 and 5 should be **GRANTED** and this case **DISMISSED** with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted because all elements of *res judicata* are satisfied. Plaintiff's motion for a hearing, for a change of

---

[4] As explained above, the Court does not construe the Complaint as asserting claims against the individual Town officials who are identified only in their "official capacity", and while Plaintiff complains of errors by a state court judge he sues only the "State of Florida". *Res judicata* would apply to such individual claims in any event because Plaintiff could have raised them in the first case. *See In re Atlanta Retail, Inc.,* 456 F.3d at 1285 (When it applies, *res judicata* also bars "every claim which might have been presented" in the earlier action.).

venue, and for injunctive relief should be **DENIED.**

**IN CHAMBERS** this 28th day of September 2021.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.